Margaret L. Watson, Esq.
Michael J. Riordan, Esq.
McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
88 Pine Street, 24th Floor
New York, New York 10005
(212) 483-9490 tel.
(212) 483-9129 fax
*Attorneys for Defendants Joseph M. Thometz and Eve Meltzer*

**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. SUZAN M. RUSSELL,<br><br>            Plaintiff,<br><br>v.<br><br>NEW YORK UNIVERSITY, ROBERT SQUILLACE, individually and in his capacity as Associate Dean for Academic Affairs, Liberal Studies, JOSEPH M. THOMETZ, individually, and EVE MELTZER, individually,<br><br>            Defendants. | Civil Action No. 1:15-cv-02185 (GHW)<br><br><br>**DECLARATION OF<br>MARGARET L. WATSON**<br><br>*Document Filed Electronically* |

I, Margaret L. Watson, of full age, hereby declare:

1.      I am a member of the Bar of the State of New York and am Of Counsel to the law firm, McElroy, Deutsch, Mulvaney & Carpenter, LLP, counsel for Defendants Joseph M. Thometz and Eve Meltzer.  I submit this Declaration in support of Defendant Thometz's and Meltzer's Motion for Summary Judgment Dismissing Plaintiff's Complaint

2.      Attached hereto as "Exhibit A" are excerpts of the transcript of the deposition in this action of Plaintiff Dr. Suzan M. Russell ("Plaintiff") commencing on February 8 and continuing on February 9, 18 and March 3, 2016.

3.     Attached hereto as "Exhibit B" are excerpts of the transcript of the deposition of Defendant Joseph M. Thometz taken on April 15, 2016 in this action.

4.     Attached hereto as "Exhibit C" are excerpts of the transcript of the deposition of Defendant Eve Meltzer taken on April 15, 2016 in this action.

5.     Attached hereto as "Exhibit D" are excerpts of the transcript of the deposition of Fred Schwarzbach taken on April 18, 2016 in this action.

6.     Attached hereto as "Exhibit E" are excerpts of the transcript of the deposition of Craig Jolley taken on April 20, 2016 in this action.

7.     Attached hereto as "Exhibit F" are excerpts of the transcript of the deposition of Defendant Associate Dean Robert M. Squillace taken on April 20, 2016 in this action.

8.     Attached hereto as "Exhibit G" is a true and correct copy of certain documents that were produced by Plaintiff in this action and identified by Bates-stamp label "SMR". Again, for ease of reference, we annex these documents in order of their Bates-number.

9.     Attached hereto as "Exhibit H" are true and correct copies of certain documents that were produced by Plaintiff (by her prior counsel) that are identified by Bates-stamp label "Russell-MeltzerandThometz." For ease of reference, we annex these documents in order of their Bates-number.

10. Attached hereto as "Exhibit I" is a true and correct copy of certain documents that were produced by Defendants Thometz and Meltzer in this action and identified by Bates-stamp label "Meltzer-Thometz." For ease of reference, we have annexed these documents in order of their Bates-number.

11.     Attached hereto as "Exhibit J" are true and correct copies of certain documents that were produced by Defendant New York University ("NYU") in this action and identified by Bates-

stamp label "NYU." For ease of reference we annex these documents in order of their Bates-number.

12. Attached hereto as "Exhibit K" is a true and correct copy of the unpublished decision in Ardigo v. J. Christopher Captial, LLC, 2013 WL 1195117 (S.D.N.Y. 2013), cited in the Memorandum of Law In Support of Defendants Thometz's and Meltzer's Motion for Summary Judgment Dismissing Plaintiff's Complaint dated September 22, 2016 ("Defs. TM Memo") and filed herewith.

13. Attached hereto as "Exhibit L" is a true and correct copy of the unpublished decision in Costello v. New York State Nurses Association et al., 2011 WL 1560971 (S.D.N.Y. April 25, 2011), cited in Defs. TM Memo.

14. Attached hereto as "Exhibit M" is a true and correct copy of the unpublished decision in Lippold v. Duggal Color Projects, Inc., 1998 WL 13854 (S.D.N.Y. Jan. 15, 1998), cited in Defs. TM Memo.

15. Attached hereto as "Exhibit N" is a true and correct copy of the unpublished decision in Lydeatte v. Bronx Overall Econ. Dev. Corp., 2001 WL 180055 (S.D.N.Y. Feb 22, 2001), cited in Defs. TM Memo.

16. Attached hereto as "Exhibit O" is a true and correct copy of the unpublished decision in Nicholson v. Staffing Authority, 2011 WL 344101 (S.D.N.Y. Feb. 1, 2011), cited in Defs. TM Memo.

17. Attached hereto as "Exhibit P" is a true and correct copy of the unpublished decision in Nungesser v. Columbia University, 2016 WL 1049024 (S.D.N.Y. 2016), cited in Defs. TM Memo.

18.     Attached hereto as "Exhibit Q" is a true and correct copy of the unpublished decision in <u>Sicular v. N.Y.C. Dep't of Homeless Servs.</u>, 2010 WL 423013 (S.D.N.Y. Feb. 4, 2010), cited in Defs. TM Memo.

19.     Attached hereto as "Exhibit R" is a true and correct copy of the decision of the Fifth Circuit in <u>Russell v. Univ. of Texas of the Permian Basin</u>, No. 06-50102 (5th Cir. June 28, 2007).

20.     Attached hereto as "Exhibit S" is a true and correct copy of the document introduced as Exhibit R-134 during Plaintiff's deposition.

21.     Attached hereto as "Exhibit T" is a true and correct copy of the document introduced as Exhibit R-152 during Plaintiff's deposition.

22.     Attached hereto as "Exhibit U" is a true and correct copy of the document introduced as Exhibit R-153 during Plaintiff's deposition.

23.     Attached hereto as "Exhibit V" is a true and correct copy of the document introduced as Exhibit R-154 during Plaintiff's deposition.

24.     Attached hereto as "Exhibit W" is a true and correct copy of a printout of the online portion of Merriam-Webster's online dictionary's entry for the verb "fancy," which can be found at http://www.merriam-webster.com/dictionary/fancy.

25.     In connection with Plaintiff's production of documents, Plaintiff produced certain materials that she claims she submitted to and received back from law enforcement. These materials allegedly shown to law enforcement were identified in discovery by Bates-numbers Russell-MeltzerandThometz 10353-15229 (or 4,877 pages of materials). These documents consisted of more than sixty different publications, seventy-five percent of the page total of which relate to products or advertisements on a variety of generic topics such as clothing, gardening and

automotive catalogues. Of course, all of these materials represent only those documents that Plaintiff selected as appropriate to submit to law enforcement officers.

26.     As of the submission of this Declaration and despite several requests by Defendants Thometz and Meltzer, Defendant NYU has not produced a copy of the Amended Declaration of Dean Schwarzbach that it was directed to produce during the conference on August 22, 2016. Defendants Thometz and Meltzer are not, at this time, filing a copy of the original declaration of Fred Schwarzbach, as NYU has informed us that they seek to designate that document as confidential, which would require it to be filed under seal. Accordingly, Defendants Thometz and Meltzer respectfully request that they be permitted to reserve their right to supplement this motion with a relevant copy of the Schwarbach Declaration following their receipt and review of the Amended Declaration.

27.     Plaintiff's counsel separately produced certain materials that Plaintiff identified as copies of the emails of which she was complaining, and those documents were not Bates-stamped but segregated by Plaintiff's counsel only as "Exhibits," with each exhibit referencing alleged evidence of Plaintiff's various claims of discrimination based on age, religion, gender, and sexual orientation. Specifically, Plaintiff's counsel identified:

   a.   Age – Exhibit 3;

   b.   Religion – Exhibit 4;

   c.   Gender – Exhibit 5; and

   d.   Sexual Orientation – Exhibit 2.

These materials are too voluminous to submit herewith, however they have been accurately described in narrative form and on behalf of Defendants Thometz and Meltzer we will produce a sampling of the same or the documents in their entirety to the Court upon its request.

28.    On July 26, 2016, at my request on behalf of Defendants Thometz and Meltzer to Plaintiff's counsel (and outside the context of any settlement discussions), Plaintiff agreed to dismiss the claims asserted against Eve Meltzer and produced a Stipulation of Dismissal relating to the same, but Plaintiff subsequently retracted that representation.

I declare under penalty of perjury that the foregoing statements made by me are true and accurate.

MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Attorneys for Defendants Joseph M.
Thometz and Eve Meltzer

By:  _Margaret L Watson_
      Margaret L. Watson, Esq.

Dated:  September 22, 2016
        New York, New York

3180649v1

6